### In the Matter of Louis B. ABILHEIRA.

Nos. 93–11–M.P.
DB 778.

Supreme Court of Rhode Island.

Feb. 10, 1993.

Mary M. Lisi, Chief Disciplinary Counsel, for petitioner.

Robert Mann, Providence, for respondent.

## OPINION

PER CURIAM.

This case came before us on a petition filed by the chief disciplinary counsel pursuant to Rule 43 of the Supreme Court Rules. Chief disciplinary counsel requested that this court issue an order to Louis B. Abilheira (Abilheira or respondent) to appear and show cause why his admission to the bar should not be revoked or suspended by reason of a conviction of two felonies in the Federal District Court for the District of Rhode Island. The felonies were (1) assault on a federal officer and (2) interfering with the administration of Internal Revenue laws.

The respondent appeared before the court with counsel and gave a statement in mitigation of his offense. The court was also provided with a transcript of the sentencing procedure that took place before a Federal District Court judge on October 9, 1992. We elicit the facts from this sentencing procedure as found by the United States District Court judge.

Agents of the Internal Revenue Service (IRS), believing that respondent's wife was indebted to the government for tax deficiencies, came to a public school where she was a teacher in order to seize her automobile. In fact, her indebtedness to the IRS had been paid, but the agents were not aware of this payment since it had been recently made. Mrs. Abilheira was extremely upset and sent an urgent request for her husband to come to the school. Abilheira responded and argued vociferously that the agents should refrain from seizing his wife's automobile. In the course of the altercation the following event took place as described by the trial judge.

"The assault according to the evidence consisted of principally, at least initially, bumping by your part. You bumped into one of the agents. You were advancing toward an agent, your intents were unclear. Your intentions were unclear and it led to a wrestling match in which three of you ended up on the ground. But it did not and it also involved some rather intemperate statements on your part about things that you would do when you certainly were not in any position to do them. But it did not involve significantly any indication that you threw any blows at any of the officers or threatened to throw any blows at them or that you made any attempt to injure anyone in anyway."

Nevertheless, the trial judge necessarily found from the evidence that an assault had been committed. He also found that respondent had interfered with the federal officers in the performance of their duties.

In vindication of the dignity of the federal officers and as a deterrent to any interference with such officers in the performance of their duties, the Federal District Court judge sentenced respondent to serve four months in home confinement but allowed him to leave the home in order to carry out the practice of law or other employment, to participate in religious observances, and, when necessary, to seek medical attention. He also placed respondent on twelve months' probation and required him to pay a special assessment of $100.

After considering the nature of the offense, the misunderstanding that had occurred between the respondent and the IRS officers, we are of the opinion that these offenses, though technically felonies under federal law, bore no relationship to the respondent's ability to practice his profession and involved no act of moral turpitude. We, like the Federal District Court judge, cannot condone any interference, however slight, with the performance of duty by a federal officer. Consequently we believe that in addition to the punishment imposed by the federal court, a public censure would be adequate to manifest this court's disapproval of the respondent's actions.

Therefore, Louis B. Abilheira, Esquire, is hereby publicly censured for his conduct in offensively touching a federal officer and interfering with IRS agents in the performance of their duties.